

October 4, 2019

**VIA ELECTRONIC FILING**
Hon. Margo K. Brodie
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>*Martin Shkreli v. Lee Yaffe*</u>, No. 19-cv-05084-MKB-SJB

Dear Judge Brodie:

This law firm represents defendant Lee Yaffe in the above-referenced matter. As required by Rule 3.A. of this Court's Individual Practices in Civil Cases, Lee Yaffe hereby requests that the Court schedule a pre-motion conference with respect to his proposed motion to dismiss the Complaint (ECF # 1) in this action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff Martin Shkreli ("Shkreli") is a serial fraudster who, from his prison cell, continues to manipulate the legal system to his advantage. The sole cause of action in the Complaint is both time-barred and defectively pled, and this action as a whole was commenced solely to punish Lee Yaffe for his testimony at Shkreli's criminal trial, and to obtain leverage in collection proceedings currently being pursued by George Yaffe, Lee Yaffe's father.

*Nature of the Action*

The Complaint makes the following factual allegations[1]: in early 2007, George Yaffe made an investment of $100,000 into a hedge fund controlled by Shkreli. Complaint ¶¶ 6-8. George Yaffe was introduced to this opportunity by his son Lee, the defendant in this action. *Id.* ¶ 9. Shkreli alleges that he viewed Lee Yaffe as an informal advisor, and looked up to him. *Id.* ¶¶ 9-10. Shkreli's hedge fund failed, and George Yaffe lost his investment. *Id.* ¶¶ 12-13. Lee then "talked" Shkreli into making a promissory note for $250,000 payable to George Yaffe, stating that Shkreli must "do the right thing" and "man up." *Id.* ¶¶ 16-17. Shkreli accepted Lee Yaffe's advice and made the note on January 24, 2012, relying on Lee Yaffe's experience in the health care industry and investments. *Id.* ¶¶ 18-20. Shkreli now alleges for the first time that the promissory note violated New York law, in that it lacked consideration and included a usurious compound interest provision. *Id.* ¶¶ 22-23. Despite these facts, Lee Yaffe "directed" his father to start an action to collect on the note, resulting in a judgment for $420,000, which is the subject of a pending appeal. *Id.* ¶¶ 24-25. Based on these facts, Shkreli asserts a single fraud claim for Lee Yaffe's alleged "acts of omission, concealment, non-disclosure, and misrepresentations," and seeks compensatory and punitive damages in an unspecified amount. *Id.* ¶¶ 26-35.[2]

---

[1] Lee Yaffe naturally does not accept the truth of any of these allegations, and reserves the right to controvert them at the appropriate point in this action.

[2] Although the defects in Shkreli's claims are apparent from his pleading, the following additional unpleaded facts based on an extensive judicial record demonstrate Shkreli's bad faith in bringing this action. Shkreli has been convicted of fraud and is currently serving a seven-year sentence in a federal penitentiary. *See United States v. Shkreli et ano.*, No. 15-cr-00637 (KAM) (E.D.N.Y.). Lee Yaffe obtained immunity from prosecution and testified as a witness for the federal government during Shkreli's trial. Among other facts, Lee Yaffe testified that he entered



*Nature of Lee Yaffe's Proposed Motion to Dismiss*

Shkreli's fraud claim against Lee Yaffe is subject to immediate dismissal for several reasons. *First,* it is barred by the statute of limitations. Under New York law[3] fraud claims must be commenced within six years after accrual of the claim, or within two years from the time the plaintiff discovered, or could have discovered, the fraud, whichever is greater. N.Y. CPLR § 213(8). A fraud claim accrues at the time when "the plaintiff suffers a loss as a result thereof . . . *i.e.* when a plaintiff with assumed knowledge of the fraudulent wrong may assert a claim for relief." *Stull v. Bayard*, 561 F.2d 429, 432 (2d Cir. 1977) (citations omitted). Thus, any claim based upon the $250,000 promissory note must have accrued no later than January 24, 2012, the date of the note's execution. Since this action was commenced on September 6, 2019, more than seven years after that date, it is time-barred. Nothing in the Complaint indicates that any tolling or estoppel doctrine ought to apply to contradict this result.

*Second*, the Complaint neglects to plead several elements of fraud. *See Winter v. American Inst. of Med. Sci. and Ed.,* 242 F.Supp.2d 206, 225 (S.D.N.Y. 2017) (elements of fraud are (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff). First, none of the affirmative statements attributed to Lee Yaffe constitute representations of fact; rather, they are more akin to "puffery" or persuasive expressions which do not contain factual content. *See, e.g., Zerman v. Ball*, 735 F.2d 15, 21 (2d Cir. 1984) ("When EF Hutton Talks, People Listen" does not constitute a factual representation actionable under federal securities law). To the extent Shkreli is attempting to rely upon Lee Yaffe's purported omissions to disclose the "invalidity" of the promissory note[4], his ability to do so is barred by collateral estoppel: the validity of the note was necessarily determined in the action brought by George Yaffe, and he had a full and fair opportunity to raise this argument in his motion to vacate the judgment against him, but did not do so. *See, e.g., Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (applying New York law, "the state court's default judgment, grounded in a finding of fraud and imposing punitive damages, bars relitigation in bankruptcy court of the fraudulent character of the debt"). Second,

---

into a consulting agreement with Retrophin, Inc. ("Retrophin"), Shkreli's former company, which was intended to compensate George Yaffe for the amount due under the note at issue in this action, which Shkreli now claims was fraudulently induced. None of the compensation received by Lee Yaffe under the consulting agreement was ever tendered to George Yaffe, and Lee Yaffe forfeited the entirety of his compensation as a condition of his non-prosecution agreement. After Shkreli failed to repay the note, George Yaffe sued Shkreli in April 2018 by filing a motion for summary judgment in lieu of complaint pursuant to N.Y. CPLR § 3213. *See George Yaffe v. Martin Shkreli*, No. 651784/2018 (Sup. Ct. N.Y. Cnty.). George Yaffe duly served Martin Shkreli while he was incarcerated, but Shkreli failed to file a timely response and, though his opposition was heard, judgment was entered against Shkreli based upon his default. Shkreli subsequently moved to vacate the judgment, and the denial of this motion is the subject of a pending appeal. George Yaffe is currently pursuing enforcement and collection proceedings against Shkreli, including without limitation serving restraining notices on Retrophin and Shkreli's attorneys.

[3] The note contains no choice of law provision, and Shkreli's Complaint does not specify which state's law governs his fraud claim. Lee Yaffe will therefore assume that New York law governs Shkreli's fraud claim, and notes further that the application of Florida law—the only other option here—would not rescue Shkreli's claims, since under Florida law such claims must be brought within four years after facts giving rise to the action were or should have been discovered. *See* Fl. Stat. § 95.11(3)(j).

[4] Of course, Lee Yaffe does not concede that his father's note was in fact invalid or contrary to New York law, and will brief and argue these issues if needed at a future point in this action.



the Complaint fails to allege proximate cause. In any claim grounded in fraud, the proximate cause requirement means that the plaintiff must prove both transaction and loss causation. *See Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489, 1495 (2d Cir. 1992). Thus, in addition to showing that "but for" the defendant's misrepresentations the transaction would not have come about, the plaintiff must also show that the misstatements were the reason the transaction turned out to be a losing one. Furthermore, when factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, the same injury cannot be said to have occurred by reason of the defendant's actions. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994). The claimed injury here was due not to the so-called invalidity of the note or some fraudulent act discovered after Shkreli's repayment of the note, but to several intervening causes that severed the causal connection between Lee Yaffe's alleged fraudulent inducement and the injury suffered by Shkreli—namely, Shkreli's failure to repay the note, George Yaffe's independent decision to sue Shkreli, Shkreli's failure then to raise fraud as an affirmative defense, and finally the conclusive judgment of the Supreme Court of New York holding Shkreli liable nearly 7 years later.

*Third*, the Complaint fails to plead fraud with the particularity required by Fed. R. Civ. P. 9(b). In order to comply with this rule, Shkreli must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). The Complaint fails to provide any details concerning the time or place of any of Lee Yaffe's statements, and never adequately explains why any such statement was fraudulent. Aside from the unactionable directive by Lee Yaffe that paying George Yaffe was the "right thing" and that Shkreli should "man up" (Complaint ¶ 17), nowhere does Shkreli allege that Lee Yaffe had a hand in the terms agreed to by Shkreli and George Yaffe, let alone that Lee Yaffe misrepresented the validity of the note that his father accepted in lieu of payment.

For all of the foregoing reasons, Lee Yaffe respectfully requests that this Court convene a pre-motion conference regarding his proposed motion, or enter a briefing schedule.

Respectfully Submitted,

GUZOV, LLC

By: _____

Debra J. Guzov
David J. Kaplan
805 Third Avenue, 8th Floor
New York, New York 10022
(212) 371-8008

*Attorneys for Defendant*

cc: Edward Kang, Esq. (via electronic filing)