

**EDWARD T. KANG**
Direct Dial: (215) 525-5852
ekang@KHFlaw.com

October 11, 2019

<u>*Via ECF*</u>
The Honorable Margo K. Brodie
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 6F
Brooklyn, New York 11201

   Re: *Martin Shkreli v. Lee Yaffe*
      <u>U.S. District Court for the EDNY, Civil Action No. 19-cv-05084-MKB-SJB</u>

Dear Judge Brodie:

  We represent Plaintiff Martin Shkreli and write in response to Defendant Lee Yaffe's letter filed on October 4, 2019 at ECF Doc. No. 10 (the "October 4 Letter"). The October 4 Letter is inconsistent with Judge Brodie's Individual Practices and Rules (the "Judge's Rules"), which limit pre-motion conference letters to those "setting forth the basis for the anticipated motion." Judge's Policies at p. 3, ¶ 3. Rather, the letter is replete with unnecessary rhetoric and gratuitous comments. Defendant Yaffe seems to be asking the Court to judge the case, not based on the merits, but the popularity of Mr. Shkreli. For the reasons described in this letter, Mr. Shkreli does not believe that a pre-motion conference will be a useful expenditure of the Court's and parties' time and resources. Mr. Shkreli requests that the Court enter a briefing schedule without holding a pre-motion conference.

<u>*The Fraud Claim Against Lee Yaffe is Within New York's Six-Year Statute of Limitations*</u>

  Mr. Yaffe correctly cites to New York Civil Practice Law and Rule ("CPLR") § 213(8) as the authority for providing for a six-year statute of limitations for an action based on fraud. Mr. Yaffe, however, erroneously claims that the fraud as alleged had to have "accrued" on the date of the promissory note, January 24, 2012. In other words, Mr. Yaffe argues that Mr. Shkreli could have filed a claim for fraud even before he suffered any damage from the fraud. New York appellate courts have held the opposite. To start, the elements of fraud in New York are: (1) a material misrepresentation of an existing fact, (2) made with knowledge of the falsity, (3) an intent to induce reliance thereon, (4) justifiable reliance upon the misrepresentation, and (5) damage. *Introna v. Huntington Learning Centers, Inc.*, 78 A.D.3d 896, 898 (2d Dep't 2010). As New York appellate courts hold, when a plaintiff's cause of action sounds in tort, "as a general proposition, a tort cause of action cannot accrue until an injury is sustained." *Kronos, Inc. v. AVX Corp.,* 81

N.Y.2d 90, 94 (1993) (holding further that "[t]he Statute of Limitations does not run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint."). In *Kronos*, the court rejected defendant's argument that nominal damages be assessed before actual damages in tort cases to calculate the statute of limitations. *Id.* at 97 ("no cause of action for tortious inducement to breach a contract arises until actual damages are sustained; nominal damages associated with the underlying breach of contract will not stand in the stead of actual damages."). In doing so, the court explained that "[i]n tort … there is no enforceable right until there is a loss. It is the incurring of damage that engenders a legally cognizable right. To recognize nominal damages element of tort claims would be to wrest the cause of action from its traditional purposes – the compensation of *losses—*and to use it to vindicate nonexistent or amorphous inchoate rights when unlike in trespass to property, there is no compelling reason to do so." *Id.* at 96.

Under Mr. Yaffe's theory of the statute of limitations, which is contrary to the law, litigants would have to file placeholder actions for torts that have not yet accrued, and might never accrue, thus further burdening the courts with numerous actions in which plaintiff have suffered no injury. This is an incorrect interpretation of CPLR § 213(8). As alleged in the Complaint, Mr. Shkreli suffered damage when the default judgment was entered against him in 2018. As such, his claim for fraud is well within the six-year statute of limitations. *See, e.g., Kronos, supra,* at 94-5 (holding that the facts alleged did not require an inference that damages were suffered before when alleged).

### *Lee Yaffe Improperly Inserts Numerous (and Incorrect) Speaking Objections*

A court's "review of a decision to grant a motion to dismiss is limited to the facts as asserted within the four corners of the complaint and any attached documents." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 210-11 (2d Cir. 2009) (internal citation and quotations omitted). Therefore, at this stage, any purported factual allegation (e.g., those in footnote 2 of the October 4 Letter) that does not cite to the Complaint should be disregarded.

### *The Doctrine of Collateral Estoppel Does Not Apply*

The doctrine of collateral estoppel, even if otherwise applicable, based on a default judgment, does not apply. "Many courts acknowledge that under federal law, 'the general rule is well-established that default judgments lack issue-preclusive effect.'" *In re Qiao Lin*, 576 B.R. 32, 46 (Bankr. E.D.N.Y. 2017) (quoting *Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.*), 205 Fed.Appx. 856, 857 (2d Cir. 2006)). "Put another way, 'The majority view is that collateral estoppel based on default judgments is undesirable.'" *Id.* (quoting *Artmatic USA Cosmetics v. Maybelline Co.*, 906 F.Supp. 850, 856 (E.D.N.Y. 1995) (citing cases)). In the Second Circuit, the "accepted view" is "that the decision of issues not actually litigated, e.g., a default judgment, has no preclusive effect in other litigation." *Abrams v. Interco, Inc.*, 719 F.2d 24, 34 n.9 (2d Cir. 1983).

Further, there are multiple issues with the default judgment in the state court matter brought by George Yaffe that would render the doctrine of collateral estoppel inapplicable. Mr. Shkreli, who Mr. Yaffe readily describes as incarcerated in the October 4 Letter, did not have a full and fair opportunity to litigate the issues in the state court action brought by George Yaffe. Separately, the judgment entered in the state court is voidable since it is based on invalid instrument, and

summary judgment under CPLR § 3213 applies only to valid instruments. These arguments and others are the subject of a current appeal.

*Lee Yaffe's Claim That There is No Proximate Cause is Premature and Meritless*

Mr. Yaffe's argument relating to proximate cause is inappropriate in a Rule 12(b)(6) motion as proximate cause is almost always an issue of fact for the factfinder, except in extraordinary circumstances not present here. *See Hain v. Jaimson*, 28 N.Y.3d 524, 529 (2016). This argument is also easily dismissed as it cannot be reasonably denied that, based on the Complaint, Mr. Yaffe's actions were a substantial cause of the events which produced Mr. Shkreli's injury and that there is, therefore, sufficient proximate cause. *See id*. Tort liability subsists when the purported intervening act is a natural and foreseeable consequence of a circumstance created by defendant. *Id*.

Like his argument that a fraud claim should be brought before incurring actual damage (a necessary element), Mr. Yaffe claims that an obvious and foreseeable result under a promissory note (i.e., a purported default, followed by a judgment) is too attenuated for there to be proximate cause. This is senseless particularly where the only alternative situation is one in which Mr. Shkreli satisfied the purported promissory note – a scenario which under Lee Yaffe's theory would also be too attenuated for his actions to have caused the damage to Mr. Shkreli (e.g., the voluntary repayment of an invalid promissory note). Any payment, nonpayment, or judgment relating to a promissory note is a foreseeable event and supports proximate cause.

*Conclusion*

Finally, Mr. Shkreli pled his claim for fraud with the particularity required by Rule 9(b). Mr. Shkreli has included statements from emails written and sent by Lee Yaffe. These statements led Mr. Shkreli to believe he needed to pay George Yaffe back for George Yaffe's losses in the Elea hedge fund when he did not. To the extent Mr. Shkreli believes any motion to dismiss filed by Lee Yaffe warrants an amendment to the Complaint, Mr. Shkreli will amend the Complaint under Rule 15(a)(1)(B) within 21 days after receiving Mr. Yaffe's motion to dismiss. Mr. Shkreli requests that the Court incorporate this consideration into the briefing schedule.

We thank the Court for its time and courtesies in this matter.

Respectfully submitted,

*/s/ Edward T. Kang*
Edward T. Kang
ETK/klk

c.c.:   All counsel of record (*via ECF*)