UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARTIN SHKRELI,

                         Plaintiff,                      Case No.: 1:19-cv-05084 (MKB)(SJB)

    -against-

LEE YAFFE,

                         Defendant.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

                                                                               GUZOV, LLC
                                                                               Debra J. Guzov, Esq.
                                                                               David J. Kaplan, Esq.
                                                                               805 Third Avenue, 8th Floor
                                                                               New York, NY 10022
                                                                               (212) 371-8008
                                                                               *Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………….....…..iii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 3

    I.   The Legal Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) .................... 3

    II.  The Sole Cause of Action Contained in the Complaint is Barred by the Statute of Limitations 3

    III. The Fraud Claim is Fatally Defective ............................................................................... 5

    IV. The Fraud Claim Fails to Comply With Rule 9(B) ......................................................... 7

CONCLUSION .............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
    404 F.3d 566 (2d Cir. 2005) ............................................................................................. 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................................................................... 3

*EEBC I, Inc. v. Goldman, Sachs & Co.*,
    5 N.Y.3d 11 (2005) .......................................................................................................... 6

*Evans v. Ottimo*,
    469 F.3d 278 (2d Cir. 2006) ............................................................................................. 7

*First Hill Partners, LLC v. BlueCrest Cap. Mgmt.*,
    52 F.Supp.3d 625 (S.D.N.Y. 2014) .................................................................................. 6

*George Yaffe v. Martin Shkreli*,
    No. 651784/2018 (Sup. Ct. N.Y. Cnty.) ........................................................................... 6

*In re Neidich*,
    290 A.D.2d 557 (2d Dep't 2002) ..................................................................................... 4

*Kronos, Inc. v. AVX Corp.*,
    81 N.Y.2d 90 (1993) ........................................................................................................ 5

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ............................................................................................. 7

*Seidenfeld v. Zaltz*,
    162 A.D.3d 929 (2d Dep't 2018) ..................................................................................... 4

*Staehr v. Hartford Fin. Svcs Group Inc.*
    547 F.3d 406 (2d Cir. 2008) ............................................................................................. 3

*Stull v. Bayard*,
    561 F.2d 429 (2d Cir. 1977) ............................................................................................. 4

*Town of Poughkeepsie v. Espie*,
    41 A.D.3d 701 (2d Dep't 2007) ....................................................................................... 4

*United States v. Shkreli et ano.*,
    No. 15-cr-00637 (KAM) (E.D.N.Y.) ................................................................................ 2

*Winter v. American Inst. of Med. Sci. and Ed.*,
　242 F.Supp.3d 206 (S.D.N.Y. 2017) ............................................................................... 5, 7

*Zerman v. Ball*,
　735 F.2d 15 (2d Cir. 1984) ................................................................................................ 5

**Statutes**

Fed. R. Civ. P. 9(b) ............................................................................................................ 1, 7, 8

Fed. R. Civ. P. 10(c) .................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 3, 8

Fl. Stat. § 95.11(3)(j) .................................................................................................................. 3

N.Y. Civ. Pract. L. & Rules § 213(8) ......................................................................................... 3

## **PRELIMINARY STATEMENT**

Defendant Lee Yaffe ("Defendant"), by his attorneys, Guzov, LLC, respectfully submits this Memorandum of Law in support of his motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  Plaintiff, a convicted fraudster currently serving a seven year sentence in a federal penitentiary, brings this baseless action for fraud against Defendant for two separate and equally inappropriate reasons:  (1) to punish Defendant for testifying against him during his criminal trial, and (2) to obtain leverage to use against George Yaffe, Defendant's father and one of Plaintiff's civil judgment creditors, in ongoing collection proceedings.  In other words, Plaintiff is attempting to use the federal court system as a bludgeon against his personal enemies rather than to resolve a legitimate dispute.

Unfortunately for Plaintiff, settled legal principles require the immediate dismissal of his Complaint, which contains only a single cause of action for fraud.  First, Plaintiff's fraud claim against Defendant arises out of Defendant's alleged misstatements which induced Plaintiff to execute a promissory note in favor of George Yaffe on January 24, 2012 (the "Note").  Plaintiff's fraud claim must have accrued no later than that date, and his claim is thus time-barred even under New York's relatively generous six-year statute of limitations for claims of fraud.  Second, even if it were timely, Plaintiff utterly fails to allege an essential element of fraud:  the existence of a material factual misstatement or omission. In particular, Defendant is alleged to have persuaded Plaintiff to execute the Note in order to repay George Yaffe, but persuasive statements cannot be true or false, and therefore are not actionable as frauds.  Finally, Plaintiff fails to set forth the nature of Defendant's fraudulent statements with the particularity required by Rule 9(b), providing no details regarding the time and place such statements were made and only the barest summary of what Defendant supposedly said.  Defendant's motion to dismiss should be granted for any one of the foregoing reasons.

## STATEMENT OF FACTS

Plaintiff commenced this action by filing a Summons and Complaint dated September 6, 2019 (the "Complaint"), a copy of which is annexed to the Declaration of David J. Kaplan dated November 15, 2019 (the "Kaplan Declaration") as Exhibit 1.[1] In early 2007, George Yaffe made an investment of $100,000 into a hedge fund controlled by Plaintiff. Complaint ¶¶ 6-8. George Yaffe was introduced to this opportunity by his son Lee, the defendant in this action. *Id.* ¶ 9. Plaintiff alleges that he viewed Defendant as an informal advisor, and looked up to him. *Id.* ¶¶ 9-10. Plaintiff's hedge fund failed, and George Yaffe lost his investment. *Id.* ¶¶ 12-13. Defendant then "talked" Plaintiff into making a promissory note for $250,000 payable to George Yaffe, stating that Plaintiff must "do the right thing" and "man up." *Id.* ¶¶ 16-17. Plaintiff accepted Defendant's advice and made the note on January 24, 2012, relying on Defendant's experience in the health care industry and investments. *Id.* ¶¶ 18-20. A copy of the Note is annexed as Exhibit B to the Complaint. *Id.* Ex. B.

Plaintiff now alleges for the first time that the promissory note violated New York law, in that it lacked consideration and included a usurious compound interest provision. *Id.* ¶¶ 22-23. Despite these facts, Defendant "directed" his father to start an action to collect on the note, resulting in a judgment for approximately $420,000, which is the subject of a pending appeal. *Id.* ¶¶ 24-25. Based on these facts, Plaintiff asserts a single fraud claim for Defendant's alleged "acts of omission, concealment, non-disclosure, and misrepresentations," and seeks compensatory and punitive damages in an unspecified amount. *Id.* ¶¶ 26-35.

---

[1] Defendant does not concede the accuracy of any of the Complaint's factual allegations against him, and reserves his right to controvert them at the appropriate point in this action. Moreover, as set forth in greater length in Defendant's pre-motion letter dated October 4, 2019, the Complaint fails to tell the full story of the relationship between Plaintiff and Defendant, omitting facts such as Plaintiff's criminal conviction for fraud after a trial at which Defendant testified as a witness for the prosecution. *See United States v. Shkreli et ano.*, No. 15-cr-00637 (KAM) (E.D.N.Y.).

## ARGUMENT

**I.      THE LEGAL STANDARD ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Federal Rule of Civil Procedure 12(b)(6) requires that the defense of "failure to state a claim upon which relief may be granted" may be presented by motion. Although this Court must accept the facts alleged in the Complaint as true for the purpose of this motion, the Complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading as a whole must establish that the asserted claims are plausible, rather than merely conceivable, or dismissal is proper. *Twombly*, 550 U.S. at 570. Judged by this standard, the Complaint clearly fails and should be dismissed.

**II.     THE SOLE CAUSE OF ACTION CONTAINED IN THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS**

An affirmative defense, such as the statute of limitations, may be asserted in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if that defense appears on the face of the complaint. *See, e.g., Staehr v. Hartford Fin. Svcs Group Inc.* 547 F.3d 406, 425 (2d Cir. 2008). That is precisely the case here: this action was commenced on September 6, 2019, yet Plaintiff's cause of action for fraud accrued no later than January 24, 2012, the effective date of the Note. *See* Complaint Ex. B.[2] Under New York law a claim for fraud must be brought no later than six years from the date the cause of action accrued, or two years from discovery of the fraud, whichever is greater. *See* N.Y. Civ. Pract. L. & Rules § 213(8).[3] Plaintiff's Complaint sets forth no basis to apply the two-year discovery rule for

---

[2] Although Plaintiff coyly omits mentioning the date of the Note in the body of the Complaint, the Note is annexed as an exhibit and must therefore be considered as part of the Complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

[3] The Complaint does not specify under which state's law its common-law claim for fraud arises. Defendant therefore assumes the applicability of New York law, and notes further that under Florida law (the only other jurisdiction whose law is potentially applicable), Plaintiff's claim remains time-barred. *See* Fl. Stat. § 95.11(3)(j) (four-year statute of limitations for fraud).

fraud, and indeed it could not do so given the nature of Plaintiff's claims, since all of the facts concerning the Note were, as set forth in the Complaint, equally well known to both Plaintiff and Defendant.  Nor does the Complaint allege facts sufficient to trigger the doctrine of equitable tolling or any other doctrine to defeat this defense.

To the extent Plaintiff intends to argue that his claim accrued at some date later than January 24, 2012, he will fail.  Under New York law a fraud claim accrues at the time when "the plaintiff suffers a loss as a result thereof . . . *i.e.* when a plaintiff with assumed knowledge of the fraudulent wrong may assert a claim for relief."  *Stull v. Bayard*, 561 F.2d 429, 432 (2d Cir. 1977) (citations omitted); *see Seidenfeld v. Zaltz*, 162 A.D.3d 929 (2d Dep't 2018) (claim for fraud accrued on date allegedly fraudulent promise to transfer property upon mother's death was made); *Town of Poughkeepsie v. Espie*, 41 A.D.3d 701, 705 (2d Dep't 2007) (plaintiff was injured upon the date it executed amended lease agreement which increased purchase price for option, binding itself to pay increased price based upon fraudulent representations); *In re Neidich*, 290 A.D.2d 557, 558 (2d Dep't 2002) (claim for fraud accrued on day objectant signed antenuptial agreement waiving her right of election in husband's estate; objectant failed to explain "her failure to discover the alleged fraud at the time she executed the antenuptial agreement by reading the document which she signed").

In this case, Plaintiff was injured when he executed the Note on January 24, 2012, and no other plausible accrual date exists.  In this regard, Plaintiff cannot credibly argue that his claim accrued only when judgment was entered against him in 2018.  Accepting this proposition would mean that, if Defendant's father had not attempted to collect on the Note, Plaintiff's claim for fraud would never accrue—clearly an absurd result. Additionally, as Plaintiff notes in the Complaint, the judgment against him is subject to a pending appeal.  *See* Complaint ¶ 24.  In the event Plaintiff succeeds on the appeal, under his theory of accrual, would he lose his fraud claim in this action?  Stating the question demonstrates the fallacy of his entire argument, which in any event is refuted by *Stull, Espie,* and the

4

other authorities cited above.

*Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90 (1993), relied upon by Plaintiff in his response to Defendant's pre-motion letter, is not to the contrary. *Kronos* sets forth the precise principle on which Defendant relies, namely that a claim for fraud accrues when all elements of the tort can be "truthfully alleged in a complaint." *Id.* at 94. *Kronos* applied this principle to determine the true accrual date of a claim for tortious interference with contract, a legal theory not asserted by Plaintiff in this action. In this case, Plaintiff could have truthfully alleged all elements of a claim for fraud on January 24, 2012, including the element of damages because, on that date, Plaintiff became obligated to pay Defendant's father $250,000 which, under Plaintiff's theory of the case, he should never have had to pay.

In sum, the Complaint must be dismissed because Plaintiff's sole cause of action is barred by the statute of limitations.

### III. THE FRAUD CLAIM IS FATALLY DEFECTIVE

Even if it were timely (and it is not), Plaintiff's claim for fraud suffers from fatal defects which warrant its immediate dismissal. Under New York law, the elements of fraud are (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. *Winter v. American Inst. of Med. Sci. and Ed.,* 242 F.Supp.3d 206, 225 (S.D.N.Y. 2017) (citations omitted). The Complaint, however, never asserts that Defendant made a single affirmative misrepresentation of material fact, in that none of the affirmative statements attributed to Lee Yaffe constitute representations of fact; rather, they are more akin to "puffery" or persuasive expressions which do not contain factual content. *See, e.g., Zerman v. Ball*, 735 F.2d 15, 21 (2d Cir. 1984) ("When EF Hutton Talks, People Listen" does not constitute a factual representation actionable under federal securities law). Defendant's alleged statements that Plaintiff must "do the right thing" and "man up," *see* Complaint ¶¶ 16-17, simply cannot support a claim for

5

fraud.

To the extent Plaintiff is proceeding under a theory of material omission, his claim fares no better, for two separate reasons. First, under New York law, a material omission is only actionable as fraud if the defendant had a duty to disclose material information. *See First Hill Partners, LLC v. BlueCrest Cap. Mgmt.*, 52 F.Supp.3d 625, 638 (S.D.N.Y. 2014). This duty arises only under limited factual scenarios:

> (1) The parties are in a fiduciary relationship; (2) under the special facts doctrine, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge, or (3) where a party has made a partial or ambiguous statement, whose full meaning will only be made clear after complete disclosure"

*Id.* at 638 (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 582 (2d Cir. 2005)). The Complaint does not even attempt to assert a theory of partial disclosure or "special facts," and its attempt to set forth a fiduciary relationship must fail. On this point, the Complaint asserts only that Plaintiff "looked up" to Defendant, and that Defendant advised Plaintiff "frequently about investment ideas in the healthcare sector." Complaint ¶¶ 9-10. Similar allegations were roundly rejected in *First Hill Partners, supra.*, and in that case the Plaintiff was able to allege that its principals "developed longstanding relationships of trust and confidence with multiple partners at [defendant]" *First Hill Partners* at 638. The court nevertheless considered these allegations "barebones and conclusory" and dismissed a fraud-by-omission claim based upon them. *Id.* (noting that under New York law a fiduciary relationship "exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" and citing *EEBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11, 19 (2005) for this proposition).

Second, Plaintiff cannot now base a fraud-by-omission claim upon Defendant's failure to disclose the purported "illegality" of the Note. The validity of the Note was conclusively established by the judgment entered in *See George Yaffe v. Martin Shkreli*, No. 651784/2018 (Sup. Ct. N.Y. Cnty.)

6

in December 2018. Plaintiff had a full and fair opportunity to litigate the validity of this judgment when he filed his motion to vacate. His motion was denied by order dated May 13, 2019, *see* Kaplan Decl. Ex. 2, and as a result the December 2018 judgment is conclusive on this issue. *See, e.g., Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (applying New York law, "the state court's default judgment, grounded in a finding of fraud and imposing punitive damages, bars relitigation in bankruptcy court of the fraudulent character of the debt"). Any other result would constitute an unwarranted collateral attack upon the December 2018 judgment.

For all of these reasons, Plaintiff's fraud claim is fatally defective and must be dismissed.

## IV.    THE FRAUD CLAIM FAILS TO COMPLY WITH RULE 9(B)

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In order to comply with this rule, Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). The Complaint in this action utterly fails to comply with this rule.

The Complaint fails to provide any details concerning the time or place of any of Defendant's statements, and never adequately explains why any such statement was fraudulent—this last failure is not surprising given that, as set forth above, Plaintiff utterly fails to set forth one of the essential elements of a claim for fraud. Similar baseless claims are regularly dismissed for lack of particularity. *See, e.g., Winter*, 242 F.Supp.3d at 226-227 (statements concerning credential being "accepted everywhere" were not supported by allegations supporting knowing falsity, and therefore could not satisfy Rule 9(b)). The same result is more than appropriate here.

7

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court enter an order dismissing the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and granting such other and further relief that this Court deems just and proper.

Dated: New York, New York
November 15, 2019

                                                                               GUZOV, LLC

By:   _____
           Debra J. Guzov, Esq. (DJG 7125)
           David J. Kaplan, Esq. (DJK 0100)
           805 Third Avenue, 8th Floor
           New York, NY 10022
           Tel.:   (212) 371-8008
           Fax:   (212) 901-2122
           dkaplan@guzovllc.com
           *Attorneys for Defendant*