UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARTIN SHKRELI,

                Plaintiff,                Case No.: 1:19-cv-05084 (MKB)(SJB)

    -against-

LEE YAFFE,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

                                                    GUZOV, LLC
                                                    Debra J. Guzov, Esq.
                                                    David J. Kaplan, Esq.
                                                    805 Third Avenue, 8th Floor
                                                    New York, NY 10022
                                                    (212) 371-8008
                                                    *Attorneys for Defendant*

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT ........................................................................................................ 1

    ARGUMENT ................................................................................................................................ 2

    I.   The Sole Cause of Action Contained in the Complaint is Barred by the Statute of Limitations ... 2

    II.  The Fraud Claim is Fatally Defective and Improperly Plead..……………………………….4

    III. Plaintiff Should Not Be Permitted to Replead His Complaint ........................................................ 7

CONCLUSION ................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Big Apple Car v. City of New York,*
204 A.D.2d 109, 110-11 (1st Dep't 1994) .................................................................................. 4

*Connaughton v. Chipotle Mexican Grill,*
135 A.D.3d 535 (1st Dep't 2016) .............................................................................................. 3

*Fredericks v. Goldschmidt,*
89-cv-5661 (WK), 1991 WL 18159 (S.D.N.Y. Feb. 5, 1991) ................................................... 6

*George Yaffe v. Martin Shkreli,*
No. 651784/2018 (Sup. Ct. N.Y. Cnty.) .................................................................................... 4

*In re Neidich,*
 290 A.D.2d 557, 558 (2d Dep't 2002) ...................................................................................... 2

*In re Rubin Bros. Footwear,*
 119 B.R. 416 (S.D.N.Y. 1990) .................................................................................................. 6

*Jacobs v. Lewis*, 261 A.D.2d 127 (1st Dep't 1999) ...................................................................... 5

*J.P. Morgan Securities Inc. v. Ader,*
127 A.D.3d 506 (1st Dep't 2015) .............................................................................................. 4

*Kronos, Inc. v. AVX Corp.*,
81 N.Y.2d 90 (1993) .............................................................................................................. 2, 3

*Magnaleasing Inc. v. Staten Island Mall,*
563 F.2d 567 (2d Cir. 1977) ...................................................................................................... 6

*Mandarin Trading Ltd. v. Wildenstein,*
 16 N.Y.3d 173, 179 (2011) ....................................................................................................... 5

*Rombach v. Chang,*
355 F.3d 164, 170 (2d Cir. 2004) .............................................................................................. 5

*Royal American Managers Inc. v. IRC Holding Corp.,*
 885 F.2d 1011, 1016 (2d Cir. 1989) ......................................................................................... 6

*Seidenfeld v. Zaltz,*
 162 A.D.3d 929 (2d Dep't 2018) .............................................................................................. 2

*Skydell v. Gelb,*
177 A.D.2d 437, 439 (1st Dep't 1991) ...................................................................................... 6

*Town of Poughkeepsie v. Espie,*
41 A.D.3d 701, 705 (2d Dep't 2007) ......................................................................................... 2

*Vastola v. Maer*,
  48 A.D.2d 561 (2d Dep't 1975) ................................................................................................ 4

*Verschell v. Pike,*
  85 A.D.2d 690, 691 (2d Dep't 1981) ........................................................................................ 6


**Statutes**
Fed.R.Civ. P. 12(b)(1) ..................................................................................................................... 1

Fed.R.Civ. P. 12(b)(6) .................................................................................................................. 1, 8

Fed. R. Civ. P. 9(b)...............................................................................................................1, 5, 8

CPLR 213(8)……………………………………………………………………………………..2

**PRELIMINARY STATEMENT**

Defendant Lee Yaffe ("Defendant"), by his attorneys, Guzov, LLC, respectfully submits this Memorandum of Law in support of his motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff's fraud claim is both untimely and defective, and nothing in Plaintiff's opposition brief demonstrates otherwise. With respect to the statute of limitations, Plaintiff cannot answer Defendant's principal contention: that Plaintiff's purported damage, and his purported fraud claim accrued, by his own admission, no later than January 24, 2012, the effective date of the purportedly illegal and fraudulent Note. Defendant pointed this Court to valid New York appellate authority establishing that a party who executes a purportedly fraudulent contract is damaged on that date; Plaintiff never even attempts to distinguish these cases, and cites only easily distinguishable authority concerning "nominal damage" in response. Plaintiff is wrong on the law, and his complaint should be dismissed.

Even if it were timely, Plaintiff's claim for fraud would still be subject to dismissal. As clarified by his opposition papers and supporting exhibit, Plaintiff claims to have been defrauded by Defendant's insistence that Plaintiff repay George Yaffe's initial investment by executing the Note. Plaintiff does not specify whether Defendant was trying to persuade him to do so, or stating that he was obligated to do so, but either way his claim for fraud fails. If Defendant was attempting to persuade Plaintiff to execute the Note, that is not a factual assertion which can form the basis for a fraud claim. If, alternatively, Defendant was asserting that Plaintiff had a legal obligation to execute the Note, this would likewise be no more than Defendant's opinion concerning a matter within the knowledge of both parties, and Plaintiff's reliance on that opinion was unreasonable.

Finally, Plaintiff should not be permitted to replead. Defendant followed this Court's Individual Practices and identified the precise defects set forth in this motion by letter dated October 4,

1

2019. The Court's rules permitted Plaintiff to replead his defective claim at that time, but he declined to do so. There is no reason to allow Plaintiff to alter course now.

## ARGUMENT

**I.  THE SOLE CAUSE OF ACTION CONTAINED IN THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (ECF Docket # 15) (hereafter "Opposition Brief") admits that New York law provides the governing statute of limitations, and makes no attempt to rely on the two-year discovery rule set forth in CPLR 213(8), or on any legal doctrine which would serve to toll the applicable six-year statute. Instead, Plaintiff claims that starting the statute of limitations on January 24, 2012 would permit the filing of a fraud claim based on "nominal damage" in violation of *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90 (1993). *See* Opposition Brief at 8.

Defendant, however, does not need to rely on a nominal damage theory, and does not do so here. Instead, New York law makes clear that a party suffers *actual* damage, not merely nominal, when it is fraudulently induced to enter into a contract. *See Seidenfeld v. Zaltz*, 162 A.D.3d 929 (2d Dep't 2018) (claim for fraud accrued on date allegedly fraudulent promise to transfer property upon mother's death was made); *Town of Poughkeepsie v. Espie*, 41 A.D.3d 701, 705 (2d Dep't 2007) (plaintiff was injured upon the date it executed amended lease agreement which increased purchase price for option, binding itself to pay increased price based upon fraudulent representations); *In re Neidich*, 290 A.D.2d 557, 558 (2d Dep't 2002) (claim for fraud accrued on day objectant signed antenuptial agreement waiving her right of election in husband's estate; objectant failed to explain "her failure to discover the alleged fraud at the time she executed the antenuptial agreement by reading the document which she signed"). Each of these cases post-date *Kronos*, each arises in the context of a limitations argument, and each was cited by Defendant in his initial brief on this motion. *See* Defendant's Memorandum of

2

Law in Support of Motion to Dismiss (ECF Docket # 14) (hereafter "Initial Brief") at 5. Plaintiff's Opposition Brief does not attempt to distinguish a single one of these authorities, and they are fatal to his position, because they establish that all elements of the claim existed on or around January 24, 2012, the effective date of the Note.[1] If that is the case, this action was commenced over eighteen months after the statute of limitations expired on January 24, 2018, and is therefore untimely.

Plaintiff cites no contrary authority, and his only cases are either distinguishable or support Defendant's position. Plaintiff's continued reliance on *Kronos* is somewhat puzzling. That case does indeed hold that actual damages are required before a cause of action for tortious interference with contract will accrue. *Kronos, supra.* at 96-97. As Defendant noted in his initial brief, this is the precise principle on which his motion relies, namely that Plaintiff suffered actual damage on January 24, 2012. Initial Brief at 6. Plaintiff's only other case concerning accrual, *Connaughton v. Chipotle Mexican Grill*, 135 A.D.3d 535 (1st Dep't 2016) is off-point because *Connaughton* was not discussing accrual for limitations purposes. Rather, that case involved a challenge to the sufficiency of plaintiff's pleading in a case where, among other elements of damage, plaintiff attempted to recover future profits from a restaurant joint venture which never occurred. *Connaughton, supra.* at 538 ("In other words, damages are calculated to compensate plaintiffs for what they lost because of the fraud, not for what they might have gained in the absence of fraud . . ."). The court squarely held that allegations concerning prospective future injury were "undeterminable and speculative" and therefore not compensable. *Id.* at 539. Unlike *Connaughton,* there is no allegation concerning potential future damages in this action, and the existence of past actual damage is supported by settled New York law.

Plaintiff's remaining arguments hold no water. He claims that the Note is unenforceable, but

---

[1] Defendant notes that the email correspondence annexed to Plaintiff's Opposition Brief, if genuine, indicates that the Note may have been executed in mid-February, 2012, while Defendant's motion papers utilized January 24, 2012, the effective date of the Note, as the date of execution. Even if Plaintiff's emails were considered by this Court, they do not show that this action was timely commenced, since they do not demonstrate that accrual occurred after September 6,, 2013, or six years prior to the commencement of this action.

3

the time and place to raise those arguments was in *George Yaffe v. Martin Shkreli*, No. 651784/2018 (Sup. Ct. N.Y. Cnty.), the case brought by Defendant's father to enforce the Note. Unless and until the Appellate Division determines otherwise, the Note remains enforceable. Plaintiff also claims that plaintiffs "would be forced to file placeholder lawsuits alleging the exact nominal damages precluded in tort actions." Opposition Brief at 9-10. Not so: potential plaintiffs who have been defrauded can sue for rescission of the liability. *See, e.g., J.P. Morgan Securities Inc. v. Ader,* 127 A.D.3d 506 (1st Dep't 2015) ("[A] defrauded party to a contract may elect to either disaffirm the contract by a prompt rescission or stand on the contract and thereafter maintain an action at law for damages attributable to the fraud.") (quoting *Big Apple Car v. City of New York,* 204 A.D.2d 109, 110-11 (1st Dep't 1994)). Of course, potential plaintiffs would need to be diligent in protecting their rights within the time provided by the statute of limitations, but encouraging such behavior is the primary reason statutes of limitation were enacted in the first place. *See, e.g., Vastola v. Maer*, 48 A.D.2d 561 (2d Dep't 1975) ("The purpose of the Statute of Limitations is to force a plaintiff to bring his claim within a reasonable time, set out by the Legislature, so that a defendant will have timely notice of a claim against him, and so that stale claims, and the uncertainty they produce, will be prevented.").[2]

      For all of these reasons, Plaintiff's fraud claim is time-barred, and nothing in his Opposition Brief establishes otherwise.

      **II.      THE FRAUD CLAIM IS FATALLY DEFECTIVE AND IMPROPERLY PLED**

      Plaintiff's Opposition Brief cannot rescue Plaintiff's fatally defective fraud claim. Plaintiff first attempts to do so by annexing a compilation of emails directly to his brief. Opposition Brief at 12. Plaintiff claims that these emails provide "sufficient notice of the nature of his alleged participation in

---

[2] Finally, Plaintiff never convincingly explains why his suggested accrual date, the date on which judgment was entered against him in *George Yaffe, supra.,* is appropriate or required by law (he certainly cites no authority supporting his position). Plaintiff was obligated to pay under the Note prior to entry of judgment (and never paid), and remained obligated to pay under the judgment thereafter (and never paid)—on what basis does he claim to have been additionally damaged?

4

the fraud" sufficient to satisfy Fed. R. Civ. P. 9(b). *Id.* These emails are not authenticated in any fashion, *see* ECF Docket # 15-2, and should not be considered in opposition to Defendant's motion. Even if they were to be considered as a supplement to the Complaint, however, they do nothing to explain how Defendant's supposed statements were fraudulent, a factor which Plaintiff is required to plead with particularity under *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). Review of the emails shows only Defendant asking for money for his father, and Plaintiff at first delaying (as in the email dated August 24, 2011) and then agreeing to do so. ECF Docket # 15-2, pg. 4. Indeed, this exhibit demonstrates that Plaintiff suggested increasing the amount of the note to $250,000, a fact inconsistent with his entire current theory of liability against Defendant. *Id.* pg. 5 (email dated January 23, 2012).

Plaintiff next claims that "puffery" does not apply to this action because it is limited to cases of securities fraud. Opposition Brief at 13. This is, of course, not the case: New York's Court of Appeals has referred to the doctrine on at least one occasion in a non-securities law context. *See Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 179 (2011) (opinion concerning painting's value was "nonactionable opinion that provided no basis for a fraud claim"; citing and quoting *Jacobs v. Lewis*, 261 A.D.2d 127 (1st Dep't 1999) as follows: "alleged misrepresentations amounted to no more than opinions and puffery or ultimately unfulfilled promises, and in either case were not actionable as fraud").

Perhaps sensing the weakness in his position, Plaintiff attempts to rescue his claim by moving the goalposts. Defendant's Initial Brief stated that the Complaint's quoted representations constituted "puffery or persuasive expressions" which do not contain factual content, an argument which is well supported by the actual language of the Complaint. *See* Complaint ¶¶ 16, 17 (Defendant's

5

representations were that Plaintiff should "do the right thing" and "man up.").[3] The Opposition Brief now contends that Defendant represented that Plaintiff "had an affirmative obligation to pay George Yaffe for the investment in the Elea Fund" and that this was a misrepresentation of material fact made with the intent to induce reliance thereon.[4] Opposition Brief at 13. In other words, the claim is now not that Defendant attempted to persuade Plaintiff, but that he forced Plaintiff to sign the Note by claiming he had an "obligation" to do so. Even if Plaintiff had pleaded this theory originally, it would still fail. New York law is clear that where a representation relates to matters not particularly within one party's knowledge and both parties have the means to verify the truth of the representation, reliance on such a representation is unreasonable, particularly where one party is "placed on guard." *Royal American Managers Inc. v. IRC Holding Corp.* 885 F.2d 1011, 1016 (2d Cir. 1989); *see also Skydell v. Gelb*, 177 A.D.2d 437, 439 (1st Dep't 1991) (plaintiff, an attorney and investor, had equal access to knowledge concerning procedure for enforcing judgments of confession, so that representations could not form basis for fraud claim); *Verschell v. Pike,* 85 A.D.2d 690, 691 (2d Dep't 1981) (attorney was not justified in relying on opposing counsel's statement concerning legality of lease).[5] Here, any representation concerning Plaintiff's "obligation" to pay would amount to an opinion concerning a legal matter, and in such cases both parties can verify the truth or falsity of such an opinion. *See Skydell, supra.*; *Verschell, supra.* No cognizable claim for fraud can be made out here.

---

[3] Although the Complaint alleges Defendant's connections within the healthcare industry, *see* Complaint ¶ 22, there is no explicit pleading of a quid pro quo, i.e. that Plaintiff must pay Defendant's father or lose access to such connections. In the absence of such an explicit allegation, these references simply add nothing to Plaintiff's pleading and should be disregarded.
[4] Plaintiff thus disclaims any reliance on a fraudulent omission theory. *See* Initial Brief at 7.
[5] This principle renders Plaintiff's discussion of liability based upon opinion, found on page 14 of the Opposition Brief, irrelevant. Plaintiff's cited cases involve opinions concerning future rent charges, as in *Magnaleasing Inc. v. Staten Island Mall*, 563 F.2d 567 (2d Cir. 1977) or valuation, as in *Fredericks v. Goldschmidt*, 89-cv-5661 (WK), 1991 WL 18159 (S.D.N.Y. Feb. 5, 1991), not an opinion concerning the Plaintiff's legal obligation to repay Defendant's father, a subject on which both parties had equal opportunity to inform themselves. Plaintiff's third case, *In re Rubin Bros. Footwear*, 119 B.R. 416 (S.D.N.Y. 1990) actually supports Defendant's position, since in that case the fraud claims were dismissed because, *inter alia*, both parties were aware of the relevant facts. *Id.* at 425.

### III.     PLAINTIFF SHOULD NOT BE PERMITTED TO REPLEAD HIS COMPLAINT

Plaintiff's Opposition Brief concludes with a request that he be permitted to replead. Opposition Brief at 14-15.  Of course, Plaintiff was already offered the chance to replead his Complaint in response to Defendant's pre-motion letter.  *See* ECF Docket # 10, 12.  He declined to do so, and even under the liberal rules governing amendment he should be required to set forth why any such amendment would not be futile, particularly in light of the arguments set forth in Defendant's motion to dismiss.  Plaintiff's breezy and conclusory references to additional, unspecified fraudulent activity occurring in 2014, found on page 10, footnote 5 of his Opposition Brief, fall well short of the requisite particularity required to plead fraud, and therefore should not be considered by this Court in determining this motion.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court enter an order dismissing the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and granting such other and further relief that this Court deems just and proper.

Dated: New York, New York
January 6, 2020

                                        GUZOV, LLC

                                      By: _____
                                      Debra J. Guzov, Esq. (DJG 7125)
                                      David J. Kaplan, Esq. (DJK 0100)
                                      805 Third Avenue, 8th Floor
                                      New York, NY 10022
                                      Tel.:   (212) 371-8008
                                      Fax:   (212) 901-2122
                                      dkaplan@guzovllc.com
                                      *Attorneys for Defendant*